IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES MATHEWS,

      Plaintiff,                        No. CIV S-06-0286 GEB JFM P

    vs.

COUNTY OF BUTTE, et al.,

      Defendants.               ORDER

_____/

        Plaintiff is an individual proceeding through counsel with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is currently committed to Napa State Hospital pursuant to competency proceedings that are part of an ongoing state criminal prosecution of plaintiff in Butte County. In his complaint, plaintiff claims that his constitutional rights were violated during incarceration in the Butte County Jail through, inter alia, use of excessive force by jail staff, failure to protect plaintiff from attacks by other inmates, and denial of adequate medical care.

        On April 23, 2006, plaintiff filed a document styled "Ex Parte Application for Protective Order in Pending Writ of Habeas Corpus." In the application, plaintiff claims that a determination has been made that he has been restored to competency, that his transfer back to Butte County is imminent, and that he is in "imminent danger of great bodily harm" due to the

1

1  alleged impending transfer.  Plaintiff seeks an order requiring his placement in protective
2  custody.
3          Despite the title of plaintiff's request, this action is not a petition for habeas
4  corpus, see 28 U.S.C. § 2254, and what plaintiff seeks at this time is a temporary restraining
5  order, not a protective order.  Temporary restraining orders are governed by Rule 65(b) of the
6  Federal Rules of Civil Procedure and Local Rule 65-231.  Plaintiff's "application" appears to
7  have been drafted without reference to Rule 65(b) and, not surprisingly, does not satisfy the
8  requirements of the rule.  Specifically, no attempt has been made to show either that the
9  defendants have been given notice of the request for a hearing or that there are reasons that such
10 notice should not be required.  At such time as plaintiff has a request which meets the
11 requirements of Rule 65 and Local Rule 65-231, the documents should be presented to the
12 courtroom clerk of the undersigned.  The application will not be set for hearing in its present
13 form.

DATED: April 24, 2006.

UNITED STATES MAGISTRATE JUDGE

/math0286.tro