IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES MATHEWS,

          Plaintiff,                    No. CIV S-06-0286 GEB JFM P

     vs.

COUNTY OF BUTTE, et al.,         <u>ORDER AND</u>

          Defendants.         <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

       Plaintiff is an individual proceeding through counsel with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has recently been at Napa State Hospital pursuant to competency proceedings that are part of an ongoing state criminal prosecution of plaintiff in Butte County.  In his complaint, plaintiff claims that his constitutional rights were violated during incarceration in the Butte County Jail through, <u>inter</u> <u>alia</u>, use of excessive force by jail staff, failure to protect plaintiff from attacks by other inmates, and denial of adequate medical care.

       On April 23, 2006, plaintiff filed a document styled "Ex Parte Application for Protective Order in Pending Writ of Habeas Corpus."  In the application, plaintiff claimed that a determination has been made that he has been restored to competency, that his transfer back to Butte County is imminent, and that he is in "imminent danger of great bodily harm" due to the

1

1  alleged impending transfer.  Plaintiff sought an order requiring his placement in protective

2  custody.

3         By order filed April 24, 2006, the court found that plaintiff's application did not

4  meet the requirements of Rule 65(b) of the Federal Rules of Civil Procedure and Local Rule 65-

5  231 with specific reference to the notice requirements of said rules.  For that reason, the order

6  provided that the matter would not be set for hearing in the form tendered.

7         On April 25, 2006, plaintiff filed a new application styled "Motion for Protective

8  Order or Temporary Injunction" together with a declaration from his attorney requesting an order

9  shortening time and supporting the request for protective custody.  On April 28, 2006, plaintiff

10 filed exhibits in support of the motion, and on May 2, 2006, plaintiff submitted a proposed form

11 of order.

12        On May 3, 2006, this court conducted a telephonic status conference.  Ellen C.

13 Dove, Esq. participated as counsel for plaintiff.  Steven Horan, Esq., participated as counsel for

14 defendants.[1]  At the hearing, counsel for plaintiff represented the following to the court.

15        Plaintiff has been at Napa State Hospital pursuant to competency proceedings

16 initiated as part of ongoing criminal proceedings against plaintiff in Butte County.  Two matters

17 are presently set for hearing in Butte County Superior Court on May 10, 2006.  The first is

18 plaintiff's motion for a change of venue for the criminal trial.  The second is a hearing on

19 plaintiff's restoration to competency.  Those matters were previously set to be heard on April 26,

20 2006, but the judge before whom the motions are pending reset the hearing for May 10, 2006

21 following representations to the state court that plaintiff would not be ready for transport from

22 Napa State Hospital for two weeks.  On the morning of May 3, 2006, plaintiff's counsel received

23 information that plaintiff was en route back to Butte County.  Plaintiff contends that he may not

24 /////

25 _____

26        [1] Defendants have not yet filed a response to the complaint.

                                    2

1   be safe at Butte County and will not receive appropriate medical care there.  He again seeks an

2   order for placement in federal protective custody.

3           The question of appropriate housing for plaintiff during the ongoing state criminal

4   proceedings has apparently been raised by plaintiff in the motion to change venue presently set

5   for hearing in Butte County Superior Court on May 10, 2006.  It has also been placed in issue in

6   those proceedings by the report from Napa State Hospital on plaintiff's restoration to

7   competency.  (See Plaintiff's Exhibits, filed April 28, 2006.)  Plaintiff has made no showing that

8   would warrant this court's interference in those ongoing state criminal proceedings at this time.

9   Cf, Younger v. Harris, 401 U.S. 37 (1971).  In particular, plaintiff has made no showing that she

10  has sought appropriate relief from the Butte County Superior Court in light of the alleged new

11  developments in plaintiff's housing status since the matters set for hearing in that court were

12  continued to May 10, 2006.  In view of the significant constraints on the exercise of federal court

13  jurisdiction over matters that implicate ongoing criminal proceedings, see Younger, supra, this

14  court should not intervene where, as here, plaintiff has made no attempt to seek emergency relief

15  from the state court where these matters are pending.

16          In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the

17  Court shall serve electronically a copy of these findings and recommendations on Stephen E.

18  Horan, Esq., Porter, Scott, Weiberg and Delehant, 350 University Avenue, Suite, 200,

19  Sacramento, CA 95865, shoran@pswdlaw.com; and

20          IT IS HEREBY RECOMMENDED that plaintiff's April 25, 2006 motion for

21  protective order or temporary injunction be denied without prejudice.

22          These findings and recommendations are submitted to the United States District

23  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days

24  after being served with these findings and recommendations, any party may file written

25  objections with the court and serve a copy on all parties.  Such a document should be captioned

26  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

1  shall be served and filed within ten days after service of the objections.  The parties are advised

2  that failure to file objections within the specified time may waive the right to appeal the District

3  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4  DATED:   May 3, 2006.

5

6

7                          UNITED STATES MAGISTRATE JUDGE

8  12

9  math0286.tro2

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26