IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES MATHEWS,

        Plaintiff,                    No. CIV S-06-0286 GEB JFM P

    vs.

COUNTY OF BUTTE, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is an individual proceeding through counsel with a civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court on plaintiff's second, third and fourth motions for injunctive relief, filed June 27, 2006, July 17, 2006, and July 20, 2006, respectively.[1] On August 7, 2006, this court heard oral argument on the motions. Ellen Dove, Esq., appeared as counsel for plaintiff. Nathan Austin, Esq., appeared as counsel for defendants.

        This action is proceeding on the first, fourth, fifth, sixth and seventh causes of action in plaintiff's amended complaint, filed June 26, 2006.[2] Therein, plaintiff claims violations of his constitutional rights through, <u>inter alia</u>, use of excessive force, inadequate

---

[1] Plaintiff's first motion was denied without prejudice by order filed June 5, 2006.

[2] The second and third causes of action were dismissed by stipulation and order filed July 13, 2006.

1

medical, mental health and dental care, retaliation, and failure to protect plaintiff from attacks by other inmates during periods of incarceration at the Butte County Jail, including a period of incarceration that commenced in October 2004 pursuant to ongoing criminal proceedings against plaintiff and has continued periodically to the present. During portions of this period plaintiff has also been at Napa State Hospital pursuant to competency proceedings that are part of the ongoing state criminal prosecution of plaintiff in Butte County. Plaintiff also claims a violation of his rights under the Americans with Disabilities Act as well as intentional and/or negligent infliction of emotional distress.

By the instant motions, plaintiff seeks an order requiring officials with the Butte County Sheriff's Department "to take him to an appropriate medical facility to treat his active medical and psychiatric issues." (Application for Injunctive Order, filed June 27, 2006, at 1.) The motions are predicated on plaintiff's contention that his treatment at the Butte County Jail is inhumane in several respects. In the reply brief filed in support of the motions, plaintiff represents that he filed a motion similar to the instant motions in the Butte County Superior Court. (Reply to Defendants' Opposition to Injunctive Order, filed July 31, 2006, at 2.) It is unclear when that motion was filed, or whether it has been heard in the state court. It is clear, however, that it was not served on counsel for defendants in this case. (Id.) Also in the reply brief, plaintiff represents that on July 19, 2006, the Butte County Superior Court found plaintiff incompetent to stand trial. (Id.) On August 16, 2006, the state superior court again ordered plaintiff committed to Napa State Hospital. (Supplemental Declaration of Nathan W. Austin, filed August 18, 2006, at ¶ 2, and Ex. A.) On August 18, 2006, counsel for defendants represented that the Butte County Jail was "making every effort to ensure that [plaintiff] is transferred within days." (Id. at ¶ 2.)

As this court noted in findings and recommendations filed May 3, 2006 on plaintiff's first motion for injunctive relief, there are significant constraints on the exercise of federal court jurisdiction over matters that implicate ongoing state criminal proceedings. See

1   Younger v. Harris, 401 U.S. 37 (1971).  It is plain from the record before this court that ongoing
2   issues related to plaintiff's housing are intertwined with matters at issue in the criminal
3   proceedings pending against plaintiff in the Butte County Superior Court.  Neither the record
4   before this court nor applicable legal principles support issuance by this federal court of an order
5   concerning plaintiff's housing placement at this time.  Such an order would constitute
6   unwarranted interference with the ongoing state proceedings and should not be issued at this
7   time.
8           For the foregoing reasons, IT IS HEREBY RECOMMENDED that plaintiff's
9   June 27, 2006, July 17, 2006 and July 20, 2006 motions for injunctive relief be denied.
10          These findings and recommendations are submitted to the United States District
11  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days
12  after being served with these findings and recommendations, any party may file written
13  objections with the court and serve a copy on all parties.  Such a document should be captioned
14  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that
15  failure to file objections within the specified time may waive the right to appeal the District
16  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
17  DATED: September 29, 2006.

                                    /s/ John F. Moulds
                                    UNITED STATES MAGISTRATE JUDGE

12
math0286.tro3

3