IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES MATHEWS,

       Plaintiff,                       No. CIV S-06-0286 GEB JFM P

    vs.

COUNTY OF BUTTE, et al.,

       Defendants.                 <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding through counsel with a civil rights action pursuant to 42 U.S.C. § 1983.  On March 14, 2008, defendants filed a motion to compel responses to their supplemental request for production of documents, set four, and for sanctions pursuant to Fed. R. Civ. P. 37.  Said motion was noticed for hearing on April 17, 2008 on this court's regular law and motion calendar.  <u>See</u> Local Rule 78-230.  On March 30, 2008, plaintiff filed a request for a continuance of the hearing.  On April 3, 2008, plaintiff filed oppositions to defendants' motion to compel and to the request for sanctions.  On April 7, 2008, defendants filed an opposition to plaintiff's request to continue the April 17, 2008 hearing.  On April 8, 2008, plaintiff filed a reply in support of the request to continue the hearing.  On the same day, defendants filed reply briefs in support of their motion to compel and their request for sanctions.

/////

1

1    After review of all of the foregoing papers, and good cause appearing, defendants'
2 motion to compel and request for sanctions is submitted on the record without oral argument, see
3 Local Rule 78-230(h), and is resolved by this order.  Plaintiff's request to continue the hearing
4 will therefore be denied.
5    By their motion to compel, defendants seek an order requiring plaintiff to respond
6 to defendants' supplemental request for production of documents, set four, served on plaintiff on
7 or about January 9, 2008.  By that request, defendants requested production of

> [A]ny and all DOCUMENTS not already produced of Plaintiff's
> JAMES LEE MATHEWS psychological medical records and
> medical records made during and in relation to Mr. MATHEWS'
> hospitalization in Napa State Hospital on or about April 27, 2005
> to May 3, 2006 and October 25, 2006 to January 19, 2007; and
> September 11, 2007 to present.

12 (Ex. B to Certification of Compliance with Rule 37(a) of the Federal Rules of Civil Procedure in
13 Support of Motion to Compel Responses to Supplemental Request for Production of Documents,
14 Set for and For Sanctions Pursuant to FRCP Rule 37, filed March 14, 2008 (Certification).)  On
15 January 25, 2008, counsel for plaintiff sent a letter to counsel for defendants refusing to produce
16 the records until, inter alia, criminal proceedings pending against plaintiff in Butte County were
17 concluded. (Ex. C to Certification).  Defendants represent that counsel for plaintiff reiterated this
18 position in a telephone call with defense counsel on March 4, 2008.  There is no evidence that
19 plaintiff has served any formal responses or objections to the discovery request at issue.  Cf. Fed.
20 R. Civ. P. 34(b)(2).
21    In opposition to the motion, filed April 3, 2008, plaintiff's counsel acknowledged
22 that she had not provided the requested documents.  (Opposition to Motion to Compel Plaintiff's
23 Psychological Records, filed April 3, 2008 (hereafter Opposition), at 1.)  She represented that the
24 medical and psychological records from plaintiff's first commitment to Napa State Hospital[1]

---

[1] In the opposition plaintiff represents that he was first committed to Napa State Hospital in January 2005 and arrived there in April 2005.  (Opposition, at 2.)  He further represents that

2

would be provided "for the most part, despite [plaintiff's] objections, so long as an appropriate limiting protective order can be fashioned to restrict their dissemination to prosecutors." (Opposition, at 2.)[2]  She also represented that two reports prepared by Dr. Albert Globus would be forwarded to defendants. (Id. at 5.) She opposed being required to produce copies of confidential reports that had been sealed by the Butte County Superior Court, contending that defendants could obtain these records by seeking "an unsealing order" from that court. (Id.)

Plaintiff's counsel also opposed being required to produce records from a second, third and fourth commitment to Napa State Hospital on the ground that she had not had an opportunity to review these records. Plaintiff represented that "the majority of the records sought from the past two years are not in plaintiff's possession." (Id. at 3.) Finally, plaintiff opposed "dissemination of material he considers inaccurate and, as to certain factual recitations, false," and contends that full disclosure of all of the records would violate plaintiff's state and federal privileges against self-incrimination. (Id. at 3-4.)

In subsequent briefing, the parties represent that on April 4, 2008, plaintiff produced some of the requested records to defendants. (Reply to Plaintiff's Opposition to Defendants' Motion to Compel Request for Production of Plaintiff's Psychological Records, filed April 8, 2008 (Defendants' Reply Re Motion to Compel), at 2; Reply to Defendants' Opposition Re Plaintiff's Psychological Records Production Continuance Request, filed April 8, 2008 (Plaintiff's Reply Re Continuance), at 2.) Plaintiff represents that all documents requested "except summary reports under seal" were produced. (Plaintiff's Reply Re Continuance, at 2.) Defendants acknowledge that documents were produced on April 4, 2008, but contend that no verification was provided with the production. (Defendants' Reply Re Motion to Compel, at 2.)
/////

---

his most recent commitment commenced on March 4, 2008. (Id. at 3.)

   [2] Later in the opposition plaintiff expresses misgivings about the efficacy of a protective order in this case. (See Opposition, at 4.)

1   Rule 34 of the Federal Rules of Civil Procedure sets forth specific requirements
2  for responding and objecting to a request for production of documents.  See Fed. R. Civ. P.
3  34(b)(2).  All discovery responses and objections must be signed by plaintiff's attorney of record.
4  See Fed. R. Civ. P. 26(g).  The January 25, 2008 letter from plaintiff's counsel to defendants'
5  counsel is neither a proper response nor a proper objection to defendants' January 9, 2008
6  discovery request.  See Fed. R. Civ. P. 34(b)(2).  Although plaintiff's counsel represents that she
7  has now provided to defendants' counsel all documents in her possession responsive to the
8  request with the exception of two reports sealed by the state superior court, plaintiff has not yet
9  served a verified response to the request.  Cf. Fed. R. Civ. P. 26(g).  She will be required to do so
10 within ten days from the date of this order.

11  It is not clear whether plaintiff or his counsel has possession of a copy of the two
12 reports that have been sealed by the Butte County Superior Court.  If either has possession of the
13 reports, they must be produced to counsel for defendants for inspection and copying subject to
14 the protective order set forth herein.  If neither plaintiff nor his counsel has those reports in his
15 possession, they must so certify in writing within ten days from the date of this order.

16  Defendants also seek payment of reasonable expenses cause by plaintiff's failure
17 to timely respond to the discovery request at issue.[3]  Rule 37 of the Federal Rules of Civil
18 Procedure provides in relevant part that the court may, on motion, order payment of sanctions by
19 a party who fails to serve objections or written responses to a properly served discovery request.
20 Fed. R. Civ. P. 37(d)(1)(A)(ii).  Such a motion must be accompanied by certification that the
21 moving party has met and conferred in a good faith effort to obtain the discovery response
22 without court action.  Fed. R. Civ. P. 37(d)(1)(B).  Rule 37(d)(3) requires the court to "require
23 the party failing to act, the attorney advising that party, or both to pay the reasonable expenses,

---

[3] Defendants characterize the motion as a motion for sanctions, but the substance of the request is for reasonable expenses associated with plaintiff's failure to timely respond to the discovery request.

4

including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

The failure to properly respond to the discovery request at issue was not justified. Plaintiff's counsel's principal reason for failing to respond to the request is based on the contention that the discovery request was objectionable, but, as noted above, she did not serve objections to the request, nor did she seek a protective order from this court. The failure to seek a protective order renders unacceptable her failure to timely respond to the discovery request. See Fed. R. Civ. P. 37(d)(2).

Plaintiff opposes defendants' request on the ground that his attorney is providing pro bono representation in this and several other cases in this court, including payment of costs and expenses. Pro bono representation does not excuse counsel from complying with the plain mandates of the Federal Rules of Civil Procedure. The court has reviewed the expenses request submitted by counsel for defendants. After said review, the court finds that counsel for defendants is entitled to reasonable expenses of $775.50, representing a total of 4.7 hours of work, performed on February 29, 2008, March 10, 2008, March 12, 2008, March 13, 2008, and March 14, 2008 on defendants' motion to compel and for sanctions, at an hourly rate of $165.00 per hour. The court will not award defendants the expenses incurred in writing letters to, or meeting and conferring with, plaintiff's counsel in connection with the instant request. The expenses awarded by this order shall be paid personally by plaintiff's counsel.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The hearing set for April 17, 2008 is dropped from calendar.

2. Defendants' March 14, 2008 motion to compel is granted.

3. Within ten days from the date of this order, plaintiff shall produce to counsel for defendants all records in his or his attorney's possession responsive to defendants' January 9, 2008 supplemental request for production of documents, including but not limited to any records sealed by the Butte County Superior Court.

4. Within ten days from the date of this order, plaintiff or his attorney shall certify in writing that all documents in his or his attorney's possession responsive to defendants' January 9, 2008 supplemental request for production of documents, set four, have been produced to defendants' counsel.

5. All medical and psychological records produced by plaintiff in this action shall be subject to the following protective order:  All such records shall be used for this litigation only and shall not be disclosed to any individual except a party to this lawsuit, an attorney for parties hereto, or an employee of the parties' attorneys, without further order of court.

6. Defendants' March 14, 2008 motion for sanctions is construed as a request for reasonable expenses and, so construed, is granted in part.

7. Within ten days from the date of this order counsel for plaintiff shall pay to counsel for defendants reasonable expenses of defendants' motion in the amount of seven hundred seventy-five dollars and fifty cents ($775.50).

8. Plaintiff's March 30, 2008 request for continuance is denied.

DATED: April 14, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

12
math0286.o3