IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |  |
|---|---|---|
| JAMES MATHEWS, | ) | |
| | ) | |
| Plaintiff, | ) | 2:06-cv-286-GEB-JFM |
| | ) | |
| v. | ) | <u>ORDER</u>[1] |
| | ) | |
| COUNTY OF BUTTE; DEPUTY ENGASSER; LT. BRYAN FLICKER; LT. HADLEY; SGT. HAYES; and DEPUTY BROWN, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

Defendants move for summary judgment, or in the alternative summary adjudication, of Plaintiff's federal and state claims, all of which are based on alleged abuse Plaintiff experienced while incarcerated at the Butte County Jail.[2] Plaintiff opposes the motion. Plaintiff alleges the following federal claims: (1) a 42 U.S.C. § 1983 claim that he was subjected to torture and abuse while an inmate at

---

[1] This matter was determined to be suitable for decision without oral argument.

[2] Also pending are the following motions to strike Plaintiff's filings based on untimeliness: on October 27, 2008 (docket 121), Defendants filed a motion to strike Plaintiff's Opposition and on October 29, 2008 (docket 127), Defendants filed a motion to strike Plaintiff's "Response to Defendants' Facts" (docket 123). Since Plaintiff's filings are considered, Defendants' motions to strike are denied.

1

the Butte County jail in violation of his Eighth Amendment rights; (2) a 42 U.S.C. 1983 claim that Defendants retaliated against him when he exercised his First Amendment rights; and (3) Americans with Disabilities Act ("ADA") claims that he was denied reasonable accommodations while incarcerated and retaliated against for seeking the accommodations.[3]

## DISCUSSION[4]

> "Under Federal Rule of Civil Procedure 56(e), when a motion for summary judgment is made, the adverse party's response, by affidavits or [ ] otherwise . . . must set forth specific facts showing that there is genuine issue for trial. [W]here the nonmoving party will bear the burden of proof at trial, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. [Moreover,] a district court is not required to comb the record to find some reason to deny a motion for summary judgment . . . [W]hether the evidence is attached or not, Rule 56(e) requires that [Plaintiff's Opposition], not just [Plaintiff's] various other [filings], set forth specific facts establishing a genuine issue [of material fact]."

---

[3] The parties' respective briefs also address Plaintiff's second and third claims which were dismissed by a Stipulation and Order filed on July 13, 2006 (docket 21). Therefore, these arguments are disregarded.

[4] On October 27, 2008 (docket 121), Defendants filed objections to Plaintiff's evidence under Federal Rule of Civil Procedure 37(c)(1). The rule states "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (3), the party is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." Federal Rule of Civil Procedure 26(a) states a "party must, without awaiting a discovery request, provide to the other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information." Since Plaintiff failed to comply with Rule 26's requirements and has not provided substantial justification for that failure, the following declarations are struck from the record: Stephen Nowlin; Gregory Woodcox; Donnie Nelson; Fred Gillespie; Joey Simpson; Marilyn Gunn; Willie Hyman; Eric A. Herstedt; and Betty Mathews.

2

Ford Motor Credit Co. v. Daugherty Lincoln Mercury, Inc., 270 Fed. Appx. 500, 501 (9th Cir. 2008) (internal citations omitted).

Section 1983 Torture Claim

Defendants argue their motion on certain of Plaintiff's torture claims should be granted because Plaintiff failed to satisfy the exhaustion requirements of the Prison Litigation Reform Act ("PLRA"); specifically, Defendants contend Plaintiff is barred from bringing torture claims against Defendants Deputy Brown, Sergeant Hayes, and Correctional Lieutenant Bryan Flicker ("Flicker") because he failed to exhaust PLRA administrative requirements as to these Defendants. The PLRA prescribes in 42 USC § 1997(e), "No action shall be brought with respect to prison conditions [under § 1983] . . . until such administrative remedies are exhausted."

The Butte County Jail has a three-step administrative grievance process for inmates, and all three levels of review must be exhausted. (D. Mot. at 4:8-13; Flicker Decl. ¶ 3; Ex. A.) Defendants provide uncontroverted evidence that Plaintiff perfected 26 grievances during the relevant time period; however, those grievances do not contain allegations against Defendants Brown, Hayes, or Flicker. (D. Reply at 10:10-12; Flicker Decl. Ex. C.) Therefore, this portion of Defendants' motion is granted.

Defendants also seek summary judgment on Plaintiff's claims that satisfied the PLRA exhaustion requirement arguing they fail to constitute a deprivation of Plaintiff's Eighth Amendment rights. Plaintiff satisfied the PLRA exhaustion requirements for the following claims: (1) excessive use of force by Deputy Engasser ("Engasser");

(2) deprivation of family visits; (3) interception of mail; and (4) insults.[5] (D. Mot. at 9:15-22; Flicker Decl. Ex. C.)

The parties are unclear about the standard applicable to these claims. "To determine the appropriate standard to apply in this case, the Court must first determine where [Plaintiff] fell on the custodial continuum and accordingly what constitutional protections governed . . . Post-arraignment detainees are entitled to the protections of the Fourteenth Amendment's Substantive Due Process Clause." Leialoha v. MacDonald, 2008 WL 2736020 *5 (D. Hawai'i 2008). The parties also failed to provide a clear explanation of Plaintiff's incarceration status at the Butte County Jail; however, the record indicates Plaintiff was either or both a post-arraignment prisoner and convicted inmate. Therefore, "his claim[s] [are] governed directly by [the] Due Process Clause of the Fourteenth Amendment rather than [another] Amendment." Henderson v. City & County of San Francisco, 2008 U.S. Dist. Lexis 28313 *2 (N.D. Cal. 2008)(stating "where a prisoner complains that he was subjected to excessive force prior to conviction but following arraignment, his claim is governed directly by [the] Due Process Clause").

The question under this standard concerning Plaintiff's excessive force claim against Engasser is whether Engasser "inflicted pain or injury on him unnecessarily and wantonly. In this context, unnecessary and wanton infliction of pain or injury is the sadistic and malicious infliction of pain or injury for the purpose of causing harm." Id. at *3. Defendants adduce evidence showing Plaintiff has

---

[5] Plaintiff also exhausted an inadequate medical care claim but the parties filed a Stipulation on August 1, 2008 (docket 75), stipulating Plaintiff would not submit evidence of inadequate medical care in this case.

4

1  failed to meet this standard.  (D. Mot. at 6:11-22.)   Plaintiff
2  alleges in his Complaint that on January 31, 2005, Engasser handcuffed
3  him and "injured his right hand in such a manner that he has not
4  regained its full mobility and use."  (Plaintiff's First Amended
5  Complaint at 7:14-15.)  Defendants provide Flicker's investigative
6  report, in which he found that on the day in question, Plaintiff gave
7  a medical request form to Engasser.  A nurse informed Engasser that
8  Plaintiff needed to fill out a "sick slip" concerning his medical
9  request. (Flicker Decl., Ex. C at 33-36.)  When Engasser instructed
10 Plaintiff to fill out a sick slip, Plaintiff became argumentative and
11 created a disturbance.  Plaintiff refused to stop arguing and Engasser
12 placed Plaintiff in a wrist lock, handcuffed him, and took him to a
13 holding room to "cool down."  (Id.)  Correctional Officer Guerra
14 witnessed the event and reported the amount of force used was
15 appropriate.  (Id.)  Additionally, Defendants provide uncontroverted
16 evidence that on February 2, 2005, Plaintiff submitted a medical
17 request form, yet did not mention any physical injury to his wrist.
18 (Wilms Decl., Ex. A at 197.)
19        Plaintiff counters the force used was unnecessary,
20 declaring, "I am so clear he did not need to use any form of force
21 against me."  (Mathews Decl. ¶ 30.)  However, this conclusory
22 statement is insufficient to controvert Defendants' evidence that the
23 force Engasser used did not violate Plaintiff's due process rights.
24 Therefore, this portion of the motion is granted.
25        Defendants also adduce uncontroverted evidence that their
26 interference with Plaintiff's visitation privileges and handling of
27 Plaintiff's mail did not violate his due process rights.  (D. Mot. at
28 15:4-12.)  Defendants provide a copy of the Butte County "Jail

5

Information Handbook" in which the jail's disciplinary and mail handling procedures are contained. (Flicker Decl. ¶¶ 4-5.) Under the disciplinary procedures, inmates may lose one or more privileges, including visitation privileges, for up to seven days. (Flicker Decl., Exs. A and B.) Flicker also gave deposition testimony that loss of the visitation privilege is a disciplinary measure employed at the Butte County Jail. (Cavanaugh Decl., Ex. N at 112.) Defendants also provide evidence that Plaintiff's visitation privileges were suspended because he knocked his liquid diet on the floor and subsequently refused to sign the incident report concerning the matter and would not participate in the resulting disciplinary hearing. (Cavanaugh Decl., Exs. O and P.)

Defendants further provide uncontroverted evidence on Plaintiff's mail interception claim. A mail inspection policy is in the Butte County Jail Information Handbook. (Flicker Decl., Exs. A and B.) Flicker explains in his deposition testimony that under this policy, incoming legal mail is opened in front of inmates and outgoing legal mail is handed to officers unsealed. (Cavanaugh Decl., Ex. N.) Further, Flicker declares that the purpose of this policy "is to mitigate against contraband traveling into and out of the jail." (Flicker Decl. ¶ 10.) Plaintiff has not shown how this policy violated his rights.

"A prison may adopt regulations [including visitation restrictions and mail inspection regulations] which infringe on an inmate's constitutional rights if those regulations are reasonably related to legitimate penological interests." O'Keefe v. Van Boening, 82 F.3d 322, 325-327 (9th Cir. 1996)(internal citations omitted). Since Plaintiff has not controverted Defendants' evidence that the

Butte County Jail's policies at issue were reasonably related to legitimate penological interests, and has not shown that these policies violated his rights, Defendants' motion is granted on these claims.

Defendants also adduce evidence on Plaintiff's allegations that he was insulted. Plaintiff claims Correctional Officer Hadley insulted him by calling him "stupid and or dumb." (Flicker Decl., Ex. C at 213.) However, "verbal harassment generally does not violate the [Fourteenth] Amendment. [Plaintiff] has not presented evidence that [he was the victim of comments [ ] unusually gross [ ] for a prison . . . calculated to and caus[ing] him psychological damage." Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996). Therefore, Defendants' motion is granted on this claim.

Retaliation Claim

Defendants seek summary adjudication of Plaintiff's retaliation claim, arguing Plaintiff failed to satisfy the PLRA exhaustion requirements. (D. Mot. at 18-19:26-1.) "[R]etaliation claims are subject to the PLRA exhaustion requirement." Giano v. Goord, 380 F.3d 670, 672 (2nd Cir. 2002). Defendants provide uncontroverted evidence that Plaintiff's perfected retaliation grievances are different from the retaliation alleged in Plaintiff's Complaint. (D. Mot. at 19:7-8; Flicker Decl. Ex. C.) Therefore, Defendants' motion is granted on this claim.

ADA Claim

Lastly, Defendants seek summary adjudication on what Plaintiff characterizes as ADA claims: (1) failure to provide assistance and access to the courts for persons who fall under ADA laws by failing to prepare, provide, and assist in legal defense; (2)

1  failure to provide assistance in filling out federal and state writs
2  and 1381 forms; and (3) failure of the Community Legal Information
3  Clinic ("CLIC") to provide reading and writing assistance. (D. Mot. at
4  22:6-7, 22-23:16-2; Flicker Decl. Ex. C.)
5       Defendants argue Plaintiff's claims for failure to provide
6  legal services are not actionable under the ADA.  (D. Mot. at 23:3-
7  10.)  Flicker declares the Butte County Jail "does not have a policy
8  or a practice of providing jail staff for inmate assistance in reading
9  legal texts or filling out legal forms," since it seeks "to avoid the
10 unauthorized practice of law."  (Flicker Decl. ¶ 12.)  Under
11 California law, "no one but an active member of the State Bar may
12 practice law for another person. . . The prohibition against
13 unauthorized law practice is within the state's police power and is
14 designed to ensure that those performing legal services do so
15 competently."  Birbrower, Montalbano, Condon & Frank v. Superior
16 Court, 17 Cal. 4th 119, 128 (1998).  Further, "[t]he practice of law
17 includes not only appearing in a court of law but also the giving of
18 legal advice and counsel and the preparation of legal instruments and
19 contracts by which legal rights are secured although such matter may
20 or may not be pending in a court." Morgan v. State Bar, 51 Cal. 3d
21 598, 604 (1990)(internal quotations omitted).  Since Plaintiff has not
22 shown these claims are actionable, Defendants prevail on this portion
23 of their motion.
24      Additionally, Defendants argue, based on a 2004 consent
25 decree, the County cannot be held liable for any alleged ADA
26 violations committed by Legal Research Assistants ("LRAs") or CLIC
27 student interns.  (D. Mot. at 24:1-4.)  In 2004, the Butte County Jail
28 entered a consent decree that provided for creation of a law library

at the jail which would be staffed by LRAs and CLIC student interns. (Decl. of Flicker, Ex. E.)  The consent decree also states that LRAs and CLIC student interns "have no association with the County whatsoever." (Id.)  Since Plaintiff has not controverted Defendants evidence, Defendants also prevail on this portion of their motion.

Remaining California State Claims

Defendants also argue the court should decline to continue exercising supplemental jurisdiction over Plaintiff's remaining state law claims because no federal claims remain in the action. (D. Mot. at 25:24-25.)  Plaintiff does not respond to this argument.  Under 28 U.S.C. § 1367(c)(3), when all federal claims are eliminated before trial, the decision can be reached whether supplemental jurisdiction should continue being exercised over remaining state law claims. Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir. 1989).  "[W]hen deciding [this issue], a federal court should consider and weigh in each case, . . . the values of judicial economy, convenience, fairness, and comity." City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997).

"In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343,350(1988). Further, "[w]here a district court dismisses[ ] federal claim[s], leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice." Wade v. Reg'l Credit Ass'n, 87 F.3d 1098, 1101 (9th Cir. 1996). "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by

1 procuring for them a surer-footed reading of applicable law." <u>United
2 Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 726 (1966).  Therefore,
3 Plaintiff's remaining state law claims are dismissed without prejudice
4 under 28 U.S.C. § 1367(c)(3) as of the date on which this Order is
5 filed.

6 Dated:  December 10, 2008

```
                              _____
                              GARLAND E. BURRELL, JR.
                              United States District Judge
```